UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALPHONSO BOUTIRE, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-22-CA-0358-XR |
| JAVIER SALAZAR, Sheriff, Bexar County Sheriff's Office, | § § § § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Before the Court is Petitioner Alphonso Boutire's second amended petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 8). Petitioner is proceeding *pro se* in these proceedings and has been granted *in forma pauperis* status. For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed without prejudice for failure to exhaust available state appellate remedies. Petitioner is also denied a certificate of appealability.

## Background

In October 2019, Petitioner was convicted of failing to register as a sex offender and sentenced to five years of imprisonment. *State v. Boutire*, No. 2019-CR-7766 (187th Dist. Ct., Bexar Cnty., Tex. Oct. 28, 2019). Available records indicate that Petitioner's sentence was probated but that his probation was revoked as recently as March 17, 2022.[1] These records also indicate that Petitioner did not appeal his original conviction but that a direct appeal of his probation revocation is currently pending in state court.[2] Petitioner has not challenged his

---

[1] *See* https://search.bexar.org, search for "Boutire, Alphonso" last visited May 4, 2022.

[2] *See* http://www.search.txcourts.gov, search for "Boutire, Alphonso" last visited May 4, 2022.

underlying conviction or the later revocation of his probation by filing an application for state habeas corpus relief.

Instead, Petitioner filed a handwritten federal habeas corpus petition in this Court on April 13, 2022, with two amended petitions following shortly thereafter. (ECF Nos. 1, 5, and 8). In those pleadings, Petitioner appears to challenge only the underlying October 2019 conviction for failing to register, arguing: (1) his trial counsel was ineffective, (2) his double-jeopardy rights were violated, and (3) there was a jurisdictional defect in his conviction.

## Analysis

Under 28 U.S.C. § 2254(b)(1)(A), habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Under this exhaustion doctrine, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights, before seeking federal habeas corpus relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) ("Absent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."). To exhaust state remedies, a Texas prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant case, Petitioner has not presented his claims concerning the revocation proceedings to the Texas Court of Criminal Appeals in either a petition for discretionary review or in an application for state postconviction relief. Indeed, Petitioner has yet to directly appeal

his underlying conviction or challenge the conviction by filing a state habeas corpus application, and his direct appeal of the state court's revocation of his probation is still pending in state court. As such, Petitioner has not yet presented the claims raised in his amended federal petition in a procedurally proper manner to the state's highest court. He also has made no attempt to show any exception to the exhaustion requirement applies. *See Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine). Because none of the claims raised by Petitioner have been "fairly presented" to the Texas Court of Criminal Appeals, Petitioner's federal petition will be dismissed without prejudice for failure to exhaust state court remedies.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Because Petitioner has not satisfied the preconditions for review set forth by 28 U.S.C. § 2254, dismissal of his petition is warranted so that he may properly pursue his state court remedies.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Alphonso Boutire's second amended § 2254 petition (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

    3.    All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 4th day of May, 2022.

                  XAVIER RODRIGUEZ
                  UNITED STATES DISTRICT JUDGE